**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**LEGITA RUFFIN,**

***Plaintiff,***

**v.** **Case No. 5:25-cv-01282-JKP**

**POSTMASTER GENERAL**
**DAVID STEINER,**

***Defendant.***

**ORDER GRANTING MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 19). Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant seeks to dismiss the claims asserted against him. In her First Amended Complaint, Plaintiff brings race discrimination and retaliation claims against Defendant under Title VII of the Civil Rights Act. *See* ECF No. 17 at 4-6. The discrimination claims arise from Defendant not selecting Plaintiff for two supervisory positions, and the retaliation claims arise from alleged conduct by unnamed management officials after Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in March of 2022. *Id.* Plaintiff has filed no response to the motion to dismiss.

When there is no timely response, "the court may grant the motion as unopposed." *See* W.D. Tex. Civ. R. 7(d)(2). The Court may apply this local rule to dispositive motions. *See Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282-DB, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). But "in the interests of thoroughness," it may address unopposed motions on the merits. *See Suarez*, 2015 WL 7076674, at *2. Under the circumstances of this case, the Court declines to grant the motion merely because Plaintiff has not responded. It

instead examines the merits of the motion and applies the well-established standards for stating a claim set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, given the lack of response, there is no need to set out a detailed analysis of the law or legal issues.

Defendant argues Plaintiff has stated insufficient facts to support her race discrimination and retaliation claims. After reviewing the motion, relevant pleading, and applicable law the Court agrees. Regarding her discrimination claims, Plaintiff does not plead sufficient, non-conclusory facts to show the "ultimate elements" of Title VII discrimination: (1) an adverse employment action (2) taken against her because of her protected status. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019). Regarding her retaliation claims, Plaintiff does not plead sufficient facts showing that any action taken by Defendant after Plaintiff filed her EEOC complaint was materially adverse, such that the action "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation and internal quotation marks omitted). Accordingly, for the reasons stated by Defendant, Plaintiff has failed to state a claim upon which relief can be granted.

In general, the Court considers whether it should grant a plaintiff leave to amend when it has determined that Fed. R. Civ. P. 12(b)(6) warrants dismissal. Leave to amend is not required, however, when plaintiffs have already pled their "best case." *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Notably, a "party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *Id.*

Plaintiff has already amended her pleading once, and she has not asked the Court for a third opportunity to amend. Moreover, Plaintiff filed her First Amended Complaint (ECF No. 17) after Defendant notified Plaintiff of the deficiencies in her original pleading in accordance with this Court's Standing Order. *See* ECF No. 4 at 1; ECF No. 13 at 16 (Defendant advising the Court in his first motion to dismiss that he conferred with Plaintiff regarding the intent to move for dismissal). The Court's Standing Order is intended to advance cases efficiently and to minimize the cost of litigation. *See* ECF No. 4 at 1. Through this Standing Order, "the Plaintiff has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Motion to Dismiss." *Id.* Thus, "if the Court finds any Motion to Dismiss has merit, the Plaintiff shall not be allowed an additional opportunity to amend its Complaint following a properly filed Motion to Dismiss." *Id.* at 1-2 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002)). Based upon all of the foregoing, the Court finds that Plaintiff has stated her best case against Defendant and thus declines to exercise its discretion to permit the filing of a second amended complaint.

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 19). Because Plaintiff's allegations fail to state a plausible claim under *Twombly* and *Iqbal*, the Court **DISMISSES** this action with prejudice. It will separately issue a final judgment in accordance with Fed. R. Civ. P. 58.

**SIGNED this 29th day of September 2026.**

Jason Pulliam

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**